# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON CHAMBERS, | ) | Case No. 4:23-cv-2136 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| COUNTY OF MAHONING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Brandon Chambers filed this action *pro se* to challenge the conditions of his confinement in the Mahoning County Justice Center as a federal pretrial detainee. He brings claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a), and 42 U.S.C. § 1983 seeking monetary damages and injunctive relief. He sues Mahoning County, the Mahoning County Commissioners, the Mahoning County Sheriff, the Mahoning County Justice Center Warden and Assistant Warden, Sergeant A. Algahmee, Deputy Metzgier, and Administrator Mr. Kountz, in their official and individual capacities.

### STATEMENT OF THE CASE

Mr. Chambers was convicted in federal court on August 17, 2023. He was sentenced on December 8, 2023 to 165 months in the custody of the Bureau of Prisons with credit for time served. The claims asserted in his complaint pertain to his conditions of confinement in the Mahoning County Justice Center where he was held while awaiting trial. He identifies eight conditions within the jail to which he objects.

### A. Religion

Mr. Chambers alleges that Christian inmates receive privileges that are not extended to Muslims. Specifically, he contends that Christian Bibles are made available to inmates free of charge while copies of the Koran must be obtained from outside sources. He alleges that Christian inmates are provided with a specific room for worship services while no special area is designated for Islamic services. He states that he is a member of the Islamic faith.

Also, Mr. Chambers alleges that personnel at the jail did not serve him hot meals during Ramadan. He states that he and other Muslim inmates are required to fast during this holy month. He alleges that jail personnel prepared meals for all inmates at the regular serving times but set meals aside for fasting Muslims to consume later in the day. He contends the meals were not kept at a proper temperature causing them to lose heat and potentially grow bacteria.

Plaintiff asserts that these actions violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a). He does not direct this claim at any particular Defendant or allege that any particular person engaged in any conduct causing or contributing to any alleged violation of the Act.

### B. Food Trays

Mr. Chambers alleges that inmates at the Mahoning County Justice Center are not served the same foods as inmates in State and federal prisons. Specifically, he alleges that inmates are not served fruit or fruit juices. He does not identify a

particular legal claim under which he intends to assert this grievance, nor does he direct this claim toward any particular Defendant.

### C. Outdoor Recreation

Mr. Chambers alleges that he was not provided outdoor recreation from the day of his arrival at the jail in April 2023 until October 2023. He does not provide any additional information concerning this claim.

### D. Legal Mail

Mr. Chambers represented himself at his federal criminal trial with the assistance of standby counsel. He contends that on April 17, 2023, Sergeant Algahmee opened mail from this Court outside of his direct presence. He states that Sergeant Algahmee offered him a copy of the communication rather than giving him the original. He contends that it is paramount for him to maintain the original documents as he considers them to be securities or instruments. He claims that he refused their "offer to facilitate [his]… legal mail" and this refusal led to his placement in segregation. (ECF No. 1, PageID #6.) He asserts that these events denied him access to the courts. Also, he claims that as a result of being in segregation, he did not receive an Order pertaining to his trial that contained information about jury instructions and questions for jury selection. He alleges that not having this information placed him at a disadvantage in his trial. He states that he raised these concerns on the record in his criminal case.

### E. Placement in Segregation

Claiming that he was not provided with proper procedural protections, Mr. Chambers objects to his placement in segregation. He contends that he did not

3

receive written notice of the charges, assistance in preparing for a hearing, a written statement of the findings, or a fair and impartial hearing officer. He states that his disciplinary conviction could potentially be used to deny him good time credits in the future. He also argues that the isolation, prolonged lighting, limited showers, and exclusion from outside recreation constitute an atypical and significant hardship that deprives him of his liberty. He asserts that he was denied due process; however, he does not identify a particular Defendant against whom he asserts this claim.

### F. Law Library

Mr. Chambers alleges that there is no law library at the Mahoning County jail and no access to a legal assistance program. He does not provide additional information about this claim.

### G. Understaffing

Finally, Mr. Chambers raises two concerns relating to understaffing. First, he contends that overcrowding of inmates combined with understaffing created an environment where inmate-on-inmate assaults could take place. He does not indicate that he was threatened or attacked but contends that he was concerned generally for his safety. Second, he alleges that lack of staff resulted in more frequent lockdowns. He contends that toilets continually backed up during these lockdowns causing unpleasant conditions to persist until the lockdown ended. He claims that these conditions caused him emotional stress.

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district

court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

5

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff brings his claims against Defendants in their individual capacities and in their official capacities. Individual capacity claims seek to hold a defendant personally liable for damages. These claims must be based on the Defendant's own actions. A defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated the plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Instead, individual liability requires some active unconstitutional behavior on the part of the defendant. *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless Plaintiff affirmatively pleads the direct involvement of the a particular in an allegedly unconstitutional action, the complaint fails to state a claim against that defendant, and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Conversely, claims asserted against defendants in their official capacity are claims directed at the political entity they serve, not the individual defendant. In this case, then, the claims asserted against Defendants in their official capacities are claims directed at Mahoning County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). These claims must be based on constitutional violations that occurred

6

as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691.

## I. Individual-Capacity Claims

Plaintiff fails to state a claim against any Defendant in his or her individual capacity. The only Defendant Plaintiff identifies as being personally involved in the actions described in the complaint is Sergeant Algahmee in connection with the claim involving legal mail. Construing the complaint in Plaintiff's favor, Mr. Chambers alleges that Sergeant Algahmee opened legal mail outside of his presence. The remaining Defendants are sued because they are responsible for operating the Mahoning Couny Justice Center. Because Plaintiff has not alleged facts to suggest that Defendants Ditzler, Rimedio, Righettetti, Greene, Cappibianca, Diangelo, Metzgier, or Kountz personally participated in any of the actions giving rise to this complaint, the Court **DISMISSES** the claims asserted against them in their individual capacities.

Regarding Sergeant Algahmee, Plaintiff alleges that the Sergeant denied him access to the courts by opening mail from the Court outside of his presence and by providing him with a copy rather than the original. To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of Defendant prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343,

7

351 (1996). The right of access to the courts directly relates to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Therefore, Plaintiff must "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In other words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous and that Defendant frustrated or impeded it. *Lewis*, 518 U.S. at 353.

In this case, Plaintiff alleges that, as a consequence of arguing with Sergeant Algahmee, he was sent to segregation which prevented him from receiving a trial order sent by this Court on April 17, 2023 with information regarding jury instructions and voir dire. This Court's docket, however, reflects that Plaintiff filed proposed jury instructions on August 16, 2023. *See United States v. Chambers*, No. 1:21-cr-00848 (N.D. Ohio Dec. 8, 2023) (ECF No. 72). As a matter of law, these alleged facts fail to state a claim on which the Court may grant relief because he sufficiently participated in the trial that he cannot demonstrate an actual injury.

Although interference with legal mail might result in impediments to inmates' access to the courts, the Sixth Circuit recognizes that inmates also hold a confidentiality interest in legal mail that need not implicate any underlying litigation. *See Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) (legal mail warrants protection because it may "impact[ ] or [have] import for the prisoner's legal rights, the attorney-client privilege, or the right of access to courts"). That is, "a prisoner has a fundamental interest in maintaining the confidentiality of such

8

correspondence [from an attorney]." *Muhammad v. Pitcher*, 35 F.3d 1081, 1083 (6th Cir. 1994). Therefore, the actual prejudice suffered by inmates whose legal mail is opened outside of their presence stems not only from any hindrance of underlying litigation, but also from the breach of the attorney-client privilege and the confidential communications with their counsel to which inmates are entitled. Such concerns may discourage inmates from exercising their First Amendment rights to correspond with their attorneys. *Muhammad*, 35 F.3d at 1084.

Not all mail that a prisoner receives from a legal source, however, counts as "legal mail." *Sallier*, 343 F.3d at 874. Plaintiff construed the criminal trial order from this Court to be legal mail. That document is part of the Court's docket in the criminal case and is a matter of public record. The United States Attorney also received a copy of this Order from the Court. It contained no private or confidential information. Contrary to Plaintiff's assertion, the time-stamped document does not become a negotiable instrument or a security. Accordingly, Plaintiff fails to state a claim against Sergeant Algahmee for violation of his First Amendment rights.

## II. Official Capacity

Plaintiff fails to state a claim against Mahoning County. He does not identify an ordinance enacted by the County that led to the conditions to which he objects, nor does he allege facts suggesting the conditions were the result of an official custom of Mahoning County as opposed the actions of individuals working within the jail. As a result, his claims against Mahoning County must be dismissed.

## CONCLUSION

To provide any further analysis would require the Court to made factual assumptions to be able to analyze the merits of Plaintiff's claims.  This the Court may not and declines to do.  For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. §1915(e).

**SO ORDERED.**

Dated:  January 17, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio